IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MYCHAEL TYRONE SHANNON,   No. 2:17-CV-1084-JAM-CMK-P

    Plaintiff,

    vs.   FINDINGS AND RECOMMENDATIONS

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,

    Defendant.

_____/

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 2).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

In this case, plaintiff names as the only defendant the California Department of Corrections and Rehabilitation. The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See <u>Brooks v. Sulphur Springs Valley Elec. Coop.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978) (per curiam); <u>Hale v. Arizona</u>, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc). Plaintiff's case should be dismissed because the only named defendant is immune from suit.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

/ / /

/ / /

/ / /

/ / /

1 | Based on the foregoing, the undersigned recommends that plaintiff's complaint be
2 | dismissed.
3 | These findings and recommendations are submitted to the United States District
4 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days
5 | after being served with these findings and recommendations, any party may file written
6 | objections with the court. Responses to objections shall be filed within 14 days after service of
7 | objections. Failure to file objections within the specified time may waive the right to appeal.
8 | See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 29, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE