IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAEL TYRONE SHANNON, | No. 2:17-CV-1084-DAD-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| RALPH DIAZ, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 65, for leave to file a third amended complaint and Plaintiff's proposed third amended complaint, ECF No. 66.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of

1

judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Where a party files an amended complaint without the right to do so, it is properly stricken by the Court. See, e.g., Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (striking fourth amended complaint: "If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect."); Sexton v. Spirit Airlines, Inc., Case No. 2:21-cv-00898-TLN-AC, 2022 WL 976914 (E.D. Cal. March 31, 2022) (striking amended complaint); Guthrie v. Hurwitz, Case No. 1:18-cv-00282-AWI-BAM, 2018 WL 4005261, at *1 (E.D. Cal. Aug. 20, 2018) (striking amended complaint).

This action currently proceeds on Plaintiff's second amended complaint, filed on June 13, 2019.  See ECF No. 34.  Defendants filed their answer to the second amended complaint on November 9, 2021.  See ECF No. 57.  Because the current motion for leave to amend was filed more than 21 days after Defendants filed their answer, leave of court is required.  Here, Plaintiff seeks to amend to allege additional facts supporting his Fourteenth Amendment claim.  See ECF No. 66 (proposed third amended complaint).  Given that the case has not yet been scheduled, the Court finds no prejudice to Defendants in allowing Plaintiff leave to amend, even if Plaintiff should have known of these facts when he commenced the action or even as late as the time he filed the operative second amended complaint.  Further, granting leave to amend would not delay resolution on the merits or thwart the interests of judicial economy.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to amend, ECF No. 65, is granted.

2. This action shall proceed on the third amended complaint, ECF No. 66.

3. Defendants shall file an answer to the third amended complaint within 30 days of the date of this order.

Dated: June 5, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE