1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    MYCHAEL TYRONE SHANNON,              No.  2:17-CV-1084-DAD-DMC-P

12                    Plaintiff,

13          v.                             <u>FINDINGS AND RECOMMENDATIONS</u>

14    RALPH DIAZ, et al.,

15                    Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to dismiss.  <u>See</u> ECF No. 78.

19    Defendants have filed a request for judicial notice in support of their motion.  <u>See</u> ECF No. 78-3.

20    Also filed in support of Defendants' motion is the declaration of defense counsel, Andrea Sloan,

21    Esq.  <u>See</u> ECF No. 79.  Plaintiff has filed an opposition to Defendants' motion.  <u>See</u> ECF No. 80.

22    Defendants have filed a reply.  <u>See</u> ECF No. 81.  Plaintiff has filed a sur-reply without prior leave

23    of court.  <u>See</u> ECF No. 82.

24          In considering a motion to dismiss, the Court must accept all allegations of

25    material fact in the complaint as true.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007).  The

26    Court must also construe the alleged facts in the light most favorable to the plaintiff.  <u>See</u> <u>Scheuer</u>

27    <u>v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>see also</u> <u>Hosp. Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S.

28    738, 740 (1976); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

                                             1

ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,
395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual
factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).
In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.
See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair
notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,
550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order
to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain
more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The
complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id.  at
570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but
it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting
Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a
defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement
to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials
outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);
Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)
documents whose contents are alleged in or attached to the complaint and whose authenticity no
party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,
and upon which the complaint necessarily relies, but which are not attached to the complaint, see
Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials
of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

2

1   1994).

2          Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

3   amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

4   curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

5

6                                   **I.  BACKGROUND**

7          **A.    Procedural History**

8          Addressing Plaintiff's second amended complaint, the Court issued findings and

9   recommendations on August 16, 2019, that the action be dismissed without further leave to

10  amend for failure to state a claim. See ECF No. 35.  In so doing, the Court applied a

11  reasonableness test. See id.  Plaintiff did not file objections and the District Judge adopted the

12  findings and recommendations in full on October 11, 2019.  See ECF No. 36.  Final judgment

13  was issued the same day.  See ECF No. 37.

14         On March 25, 2021, Plaintiff filed a motion for relief from the Court's final

15  judgment.  See ECF No. 41.  On April 2, 2021, the District Judge granted Plaintiff's motion,

16  citing the Ninth Circuit's 2020 decision in Harrison v. Kernan, 971 F.3d 1069 (9th Cir. 2020),

17  which changed the level of scrutiny for the gender-based prison regulation at issue in this case to

18  intermediate scrutiny.  See ECF No. 42 (minute order).  Thereafter, Plaintiff filed the operative

19  third amended complaint after obtaining leave of court to amend, and Defendants filed the

20  pending motion to dismiss.

21         **B.    Plaintiff's Allegations**

22         This action currently proceeds on Plaintiff's third amended complaint (TAC) at

23  ECF No. 66.  See ECF No. 77 (order).  Plaintiff names four Defendants, as follows: (1) Ralph

24  Diaz, former Secretary of California Department of Corrections and Rehabilitation ("CDCR");

25  (2) Sergeant Swan, Correctional Officer at the California Medical Facility ("CMF"); (3) C.

26  Tileston, Associate Warden of CMF; and (4) Robert W. Fox, former Warden of CMF.  See ECF

27  No. 66, pg. 1-2.  Plaintiff alleges Defendants violated his right to equal protection under the

28  Fourteenth Amendment because female inmates in the CDCR are offered the choice of

                                              3

1   purchasing any one of seven different kinds of alarm clocks and male inmates are afforded no

2   such choice.  See id. at 3.  Plaintiff alleges Defendant Diaz instituted the inmate property

3   regulation and Defendants Swan, Tileston, and Fox implemented it.  See id. at 1-6.  Plaintiff

4   specifically alleges Defendants acted with intentional discrimination during Plaintiff's inmate

5   appellate review.  See id. at 3.

6        Among these allegations of Plaintiff's inmate appeal, Plaintiff claims Defendant

7   Swan commented, "Love to deny those constitutional rights."  See id. at 2-3.  Plaintiff also claims

8   Defendants Tileston and Fox laughed at the comments made by Defendant Swan.  See id.

9   Further, Plaintiff alleges Defendant Diaz "scoffed" at Plaintiff when Plaintiff attempted to

10   continue his inmate appeal, saying: "You failed to demonstrate the facts of your appeal regarding

11   the state-side ban I put in place on male prisoners owning alarm clocks."  See id. at 3.

12

13                **II.  DISCUSSION**

14        In their motion to dismiss, Defendants argue: (1) Plaintiff has failed to allege any

15   facts establishing Defendant Diaz's personal involvement or subsequent supervisory liability arising

16   from the property regulation at issue; and (2) Defendants are entitled to qualified immunity.  See

17   ECF No. 78-1 (points and authorities).  In support of their motion, Defendants have filed a request

18   for judicial notice of the following: (1) Plaintiff's inmate grievance records; (2) the fact that

19   Defendant Diaz assumed the position of Secretary of the CDCR in September 2018, and resigned

20   from this position on October 1, 2021; and (3) a publication from the CDCR. See ECF No. 78-3

21   (request for judicial notice).

22        **A.    Failure to State a Claim Against Defendant Diaz**

23        Defendants assert Plaintiff's TAC fails to allege sufficient facts to show Defendant

24   Diaz, who is a supervisory defendant, was personally involved or subject to liability for the claimed

25   constitutional violation.  See ECF No. 78-1, pg. 1-8.

26   / / /

27   / / /

28   / / /

4

1    To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

2  connection or link between the actions of the named defendants and the alleged deprivations.  See

3  Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

4  person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983,

5  if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act

6  which he is legally required to do that causes the deprivation of which complaint is made."  Johnson

7  v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the

8  involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of

9  Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to

10  each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v.

11  Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

12    Supervisory personnel are generally not liable under § 1983 for the actions of their

13  employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

14  respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

15  violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

16  Supreme Court has rejected the notion that a supervisory defendant can be liable based on

17  knowledge and acquiescence in a subordinate's unconstitutional conduct because government

18  officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

19  and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory

20  personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional

21  rights and the moving force behind a constitutional violation may, however, be liable even where

22  such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego,

23  942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

24    When a defendant holds a supervisory position, the causal link between such

25  defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

26  Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

27  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil

28  rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

1  1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's

2  own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

3          In this case, Plaintiff's TAC contains few factual allegations regarding Defendant

4  Diaz.  Defendants assert:

5                  . . . Plaintiff's allegations fail to state a claim based on judicially
               noticeable facts which show (1) Diaz had no involvement in Plaintiff's
6               appeal (Moseley Decl. ¶ 4, Exhibit A); (2) Diaz was not Secretary when
               the appeal was denied (Defs.' Req. Judicial Not. Ex. A-1 (showing Diaz's
7               tenure as CDCR Secretary as September 2018-October 1, 2020) versus
               Moseley Decl. ¶ 4, Exhibit A (showing Plaintiff's appeal was denied on
8               August 24, 2016)); and (3) Diaz had no involvement in the
               implementation or enforcement of the regulations at issue during the
9               relevant time frame as he was also not the Secretary at that time (id.).

10  ECF No. 78-1, pg. 6.

11          The Court agrees with Defendants that Plaintiff's TAC fails to allege sufficient fact

12  to show supervisory liability on the part of Defendant Diaz.  As Defendants note, while Plaintiff

13  broadly alleges that Defendant Diaz "implemented" the inmate property regulation at issue and

14  even commented "…regarding the state-side ban I put in place on male prisoners…," Plaintiff fails

15  to allege specific facts.  See ECF No. 78, pg. 6.  Plaintiff's allegations fail to establish an affirmative

16  act or omission by Diaz that violated Plaintiff's rights.  Nor do these allegations causally link

17  Defendant Diaz to the alleged constitutional violation, or demonstrate a custom, policy, or practice

18  implemented by Defendant Diaz that was the moving force behind a constitutional violation arising

19  from the regulation barring male inmates from purchasing alarm clocks.  Furthermore, Plaintiff

20  alleges Defendant Diaz failed to act on Plaintiff's request for reconsideration of his inmate appeal.

21  See ECF No. 66, pg. 3.  However, Plaintiff has not explained how this failure resulted in a

22  constitutional violation.

23          The Court does not reach Defendants' other arguments, based on their request for

24  judicial notice, that judicially noticeable facts show that Defendant Diaz could not have been

25  involved in the alleged constitutional violation because he was not in a decision-making position

26  concerning creation or implementation of the regulation at issue.  According to Defendants, Diaz

27  was Secretary of the CDCR from September 2018 through October 2020, and thus could not have

28  been involved in implementation of the regulation at issue in 2014 or application to Plaintiff,

1    including consideration of Plaintiff's inmate appeal, in 2016.  See ECF No. 78-1, pgs. 6-7.

2            First, just because Defendant Diaz was not CDCR director during the times relevant

3    to the TAC is not to say Defendant Diaz does not bear responsibility.  It may be that Defendant

4    Diaz was involved in ways other than as Director of the CDCR after 2016.  As discussed above,

5    Plaintiff has failed to allege facts to show Defendant Diaz' involvement, which is a sufficient basis

6    to dismiss Defendant Diaz.  Second, as discussed below the Court finds that Defendants are entitled

7    to qualified immunity on Plaintiff's underlying constitutional claim, rendering moot any further

8    consideration of arguments based on potentially judicially noticeable facts.

9            **B.      <u>Qualified Immunity</u>**

10           Defendants argue they are entitled to qualified immunity.  <u>See</u> ECF No. 78-1, pg. 9-

11   13.  Government officials enjoy qualified immunity from civil damages unless their conduct

12   violates "clearly established statutory or constitutional rights of which a reasonable person would

13   have known."  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).  In general, qualified immunity

14   protects "all but the plainly incompetent or those who knowingly violate the law."  <u>Malley v.</u>

15   <u>Briggs</u>, 475 U.S. 335, 341 (1986).  In ruling upon the issue of qualified immunity, the initial inquiry

16   is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show

17   the defendant's conduct violated a constitutional right.  <u>See</u> <u>Saucier v. Katz</u>, 533 U.S. 194, 201

18   (2001).  If a violation can be made out, the next step is to ask whether the right was clearly

19   established.  <u>See id.</u>  This inquiry "must be undertaken in light of the specific context of the case,

20   not as a broad general proposition. . . ."  <u>Id.</u>  "[T]he right the official is alleged to have violated

21   must have been 'clearly established' in a more particularized, and hence more relevant, sense:  The

22   contours of the right must be sufficiently clear that a reasonable official would understand that what

23   he is doing violates that right."  <u>Id.</u> at 202 (citation omitted).  Thus, the final step in the analysis is to

24   determine whether a reasonable officer in similar circumstances would have thought his conduct

25   violated the alleged right.  <u>See id.</u> at 205.

26   / / /

27   / / /

28   / / /

7

When identifying the right allegedly violated, the Court must define the right more narrowly than the constitutional provision guaranteeing the right, but more broadly than the factual circumstances surrounding the alleged violation.  See Kelly v. Borg, 60 F.3d 664, 667 (9th Cir. 1995).  For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand [that] what [the official] is doing violates the right."  See Anderson v. Creighton, 483 U.S. 635, 640 (1987).

The first factors in the qualified immunity analysis involve purely legal questions.  See Trevino v. Gates, 99 F.3d 911, 917 (9th Cir. 1996).  The third inquiry involves a legal determination based on a prior factual finding as to the reasonableness of the government official's conduct.  See Neely v. Feinstein, 50 F.3d 1502, 1509 (9th Cir. 1995).  The district court has discretion to determine which of the Saucier factors to analyze first.  See Pearson v. Callahan, 555 U.S. 223, 236 (2009).  In resolving these issues, the Court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff.  See Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

Defendants argue:

> Defendants reasonably believed that all non-racial prison policies…would pass constitutional muster so long as the policies satisfied the deferential *Turner* rational-relationship test. *See Turner v. Safley*, 482 U.S. 78 (1987). Indeed, this Court so held when it previously found Plaintiff failed to state a claim (F&Rs, ECF No. 36; Order Adopting F&Rs, ECF No. 36), in *Gonzalez v. Mullen*, No. C 09-0953 CW PR, 2013 WL 1333560, at *4 (N.D. Cal. Mar. 29, 2013), which raised a similar challenge to similar property regulations, and in *Harrison v. Kernan,* No. 16-CV-07103-RMI, 2021 WL 4295303, at *6 (N.D. Cal. Sept. 21, 2021), which dismissed nearly identical claims.

ECF No. 78-1, pg. 10.

Defendants' arguments are well-taken.  Plaintiff initiated this action in 2017 – before Harrison was decided by the Ninth Circuit in 2020.  Until 2020, courts had applied the lowest level of scrutiny – reasonableness based on a rational relationship between the regulation and legitimate penological interests – to claims challenging gender-based prison regulations like the regulation at issue here.  See e.g. Gonzalez, 2013 WL 1333560, at *4.  In Gonzalez, for example, the district court concluded that an inmate's challenge to a gender-based prison regulation failed to state a

claim under the rational relationship reasonableness test.  <u>See</u> <u>id.</u>  This Court reached the same conclusion when it initially dismissed the case in 2019.  <u>See</u> ECF No. 36.  Thus, at the time the lawsuit was filed, the clearly established law upheld the regulation at issue.  The law changed in 2020 with <u>Harrison</u>.  However, whether a law is clearly established for purposes of qualified immunity is based on the law at it existed at the time of the alleged violation, here sometime prior to 2017 when the case was filed.  <u>See</u> <u>Robinson v. York</u>, 566 F.3d 817, 826 (9th Cir. 2009). Therefore, Defendants are entitled to qualified immunity.

On remand following the Ninth Circuit's decision in <u>Harrison</u>, the district court reached the same conclusion.  <u>See</u> <u>Harrison v. Kernan</u>, 2021 WL 4295303, at *6.  The court stated:

> Given the state of the law as described above, and given that qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law," it would be impossible for Plaintiff to even prove that Defendants' promulgation of the challenged regulations was mistaken in 2008, let alone proving that Defendants were either incompetent or knowingly violated the law.

> <u>Id.</u>

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

2     **III.  CONCLUSION**

3         Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss, ECF No. 78, be GRANTED, in whole, and that this action be DISMISSED without leave to amend.These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 21, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

10