UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAEL TYRONE SHANNON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:17-cv-01084-DAD-DMC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT<br><br>(Doc. Nos. 78, 83) |

Plaintiff Mychael Tyrone Shannon is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 21, 2024, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss plaintiff's third amended complaint (Doc. No. 78) be granted and that this action be dismissed without leave to amend. (Doc. No. 83.) Specifically, the magistrate judge concluded that plaintiff had failed to sufficiently allege supervisory liability on the part of defendant Diaz, that all the named defendants are entitled to qualified immunity, and that the action should therefore be dismissed without leave to amend. (*Id.* at 4–10.)

1

1     Those findings and recommendations were served on the parties and contained notice that
2 any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 10.) No
3 party has filed any objections, and the time to do so has passed.
4     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the
5 court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the
6 undersigned will adopt the pending findings and recommendations, in part. For the reasons
7 explained below, the undersigned will decline to adopt the recommendation that the action be
8 dismissed without leave to amend. As to plaintiff's § 1983 claim seeking damages, the
9 undersigned will adopt the recommendations that defendants are entitled to qualified immunity
10 and that the claim must be dismissed to the extent that plaintiff seeks damages.[1]
11     In plaintiff's operative third amended complaint ("TAC"), he alleges that defendants
12 permit female inmates to purchase and own alarm clocks but deny male inmates the opportunity
13 to do so in violation of the Equal Protection Clause of the Fourteenth Amendment. (*See* Doc.
14 No. 66 at ¶¶ 6–17.) Plaintiff expressly seeks injunctive relief requiring defendants to permit both
15 male and female inmates to purchase alarm clocks. (*Id.* at ¶¶ 18–20, 24.) The pending findings
16 and recommendations do not address plaintiff's request for injunctive relief. *See Demers v.*
17 *Austin*, 746 F.3d 402, 417 (9th Cir. 2014) ("Qualified immunity of course does not preclude
18 injunctive relief."). In their pending motion to dismiss, defendants argue that "this court should
19 avoid the constitutional question and proceed directly to prong two of the qualified immunity
20 analysis, which is whether defendants violated clearly established law." (Doc. No. 78-1 at 9.)
21 Because injunctive relief here requires consideration of the constitutional question, i.e., whether
22 defendants' alleged refusal to allow male inmates to purchase alarm clocks is gender
23 discrimination in violation of the Fourteenth Amendment, defendants have not challenged
24 plaintiff's § 1983 claim to the extent plaintiff seeks injunctive relief.[2] The court will therefore

---

[1] Because the undersigned will adopt the recommendations in this regard, the undersigned will not consider defendants' remaining arguments as to why plaintiff's § 1983 claim seeking damages must be dismissed.

[2] Nor have defendants provided any argument as to why plaintiff's § 1983 claim seeking injunctive relief should be dismissed.

decline to adopt the recommendation that the entire action be dismissed without leave to amend.

**CONCLUSION**

Accordingly,

1. The pending findings and recommendations issued on February 21, 2024 (Doc. No. 83) are adopted in part, as follows:

    a. Defendants' motion to dismiss plaintiff's third amended complaint (Doc. No. 78) is granted in part and denied in part as follows:

        i. Defendants' motion to dismiss plaintiff's § 1983 claim seeking damages is granted;

        ii. Defendants' motion to dismiss plaintiff's § 1983 claim seeking injunctive relief is denied;

2. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: __**March 9, 2024**__

                                           DALE A. DROZD
                                           UNITED STATES DISTRICT JUDGE