IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAEL TYRONE SHANNON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　　Defendants. | No.  2:17-CV-1084-DAD-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to dismiss, ECF No. 86.  Plaintiff has not filed an opposition.  For the reasons discussed below, the undersigned finds that Defendants' motion to dismiss should be granted and that this action should be dismissed with prejudice as moot.

　　　　　In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardusthis, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

1

factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///

2

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A. Procedural History

On June 6, 2023, the Court granted Plaintiff's motion for leave to amend and directed that this action proceed on Plaintiff's third amended complaint. See ECF No. 77. On June 22, 2023, Defendants filed a motion to dismiss. See ECF No. 78. On March 11, 2024, the District Judge granted the motion in part and denied the motion in part. See ECF No. 84. Specifically, the District Judge granted the motion as to all of Plaintiff's claims seeking damages and denied the motion as to all of Plaintiff's claims seeking injunctive relief. See id. On June 4, 2024, Defendants filed the pending second motion to dismiss, arguing that Plaintiff's remaining claims for injunctive relief have been rendered moot by recently enacted revised prison regulation. See ECF No. 86. Defendants have filed a request for judicial notice in support of the pending motion to dismiss. See ECF No. 86-2.

### B. Plaintiff's Allegations

Plaintiff names four Defendants: (1) Ralph Diaz, former Secretary of California Department of Corrections and Rehabilitation (CDCR); (2) Sergeant Swan, Correctional Officer at the California Medical Facility (CMF); (3) C. Tileston, Associate Warden of CMF; and (4) Robert W. Fox, former Warden of CMF. See ECF No. 66 at pgs. 1-2.

Defendants allegedly violated Plaintiff's right to equal protection under the Fourteenth Amendment because female inmates in the CDCR were offered the choice of purchasing several kinds of alarm clocks, while male inmates were not. See id. at 3. Plaintiff alleges Defendant Diaz instituted the inmate property regulation and Defendants Swan, Tileston, and Fox implemented it. See id. at 1-6. Plaintiff specifically alleges Defendants acted with intentional discrimination during Plaintiff's inmate appeal review. See id. at 3.

///

During Plaintiff's inmate appeal, Defendant Swan commented, "Love to deny those constitutional rights." See id. at 2-3. Plaintiff also claims Defendants Tileston and Fox laughed at the comments made by Defendant Swan. See id. Further, Plaintiff alleges Defendant Diaz scoffed at Plaintiff when Plaintiff attempted to continue his inmate appeal, saying: "You failed to demonstrate the facts of your appeal regarding the state-side ban I put in place on male prisoners owning alarm clocks." See id. at 3.

## II. DISCUSSION

In the pending unopposed motion to dismiss, Defendants argue: (1) Plaintiff's claim for injunctive relief is moot, (2) Plaintiff's request for a declaration that the former regulations violate equal protection be denied by the Court as moot, and (3) if Plaintiff remains dissatisfied with application of the new regulations, he must exhaust administrative remedies as to such a claim and file a new action. See ECF No. 86-1. In support of their motion, Defendants have filed a request for judicial notice of the following: (1) a redacted copy of the Department's Authorized Personal Property Schedule effective November 1, 2023, revising and adopting amended regulations at Cal. Code Regs., tit. 15, § 3190(b), et seq., (2) and the accompanying Initial Statement of Reasons pertaining to the regulatory change. See ECF 86-2 (request for judicial notice).

For the reasons discussed below, the Court agrees with Defendants and recommends dismissal of this action.

Defendants assert that Plaintiff's claim is moot because the CDCR regulations that prompted Plaintiff to originally file this action have been supplanted with new regulations as of November 1, 2023. See ECF No. 86-1 at 8. "Changing circumstances" may render a case moot during its course of litigation. See ACLU of Nev. v. Lomax, 471 F.3d 1010, 1016 (9th Cir. 2006) (quoting Clark v. City of Lakewood, 259 F.3d 996, 1006 (9th Cir. 2001)). Specifically, a private defendant's voluntary cessation of one or more of the challenged practices does not deprive the federal court of its power to determine the legality of the practice. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000), quoting City of Mesquite v.

Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982). However, when the actor is a government official, the courts treat voluntary cessation of challenged conduct with more "solicitude." Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers, 941 F.3d 1195, 1198 (9th Cir. 2019) (quoting Am. Cargo Transp., Inc. v. United States, 625 F.3d 1176, 1180 (9th Cir. 2010)). A "repeal, amendment, or expiration of legislation" gives rise to "a presumption that the action is moot unless there is a reasonable expectation that the legislative body is likely to enact the same or substantially similar legislation in the future." See Glazing Health, 941 F.3d at 1197.

Plaintiff challenges the former CDCR policy allowing female inmates to acquire certain property that male inmates were not allowed to possess and is seeking injunctive relief based on those regulations. See ECF No. 66 at 2. CDCR supplanted the challenged regulations with new property regulations, property schedules, and policy justifications for all inmates, including Plaintiff. See ECF No. 86-2. A review of the new regulations makes it clear that they are intended to be a permanent change in CDCR policy. See ECF No. 82-3. Supplanting the challenged regulations is considered a voluntary cessation of the challenged conduct but does not remove the ability of the Federal Court to determine the "legality of the practice." See Friends of the Earth, Inc., 528 U.S. 167 (2000). Because there is no indication that the CDCR will reenact the previous regulation, and because the CDCR will not enforce the previous regulation, this Court follows the presumption that the action is moot. See Glazing Health, 941 F.3d at 1197. As there is no live controversy for the Court to resolve, Plaintiff's remaining claim for injunctive relief regarding the former regulations is moot. Likewise, Plaintiff's claim for declaratory relief pertaining to the former regulations is also moot.

To the extent Plaintiff continues to challenge the new property regulations, the Court agrees with Defendants that any such challenge would need to be brought in the context of a new action. According to Defendants, the Prison Litigation Reform Act (PLRA) exhaustion provisions (42 U.S.C. § 1997e(a)) require inmates to exhaust their available administrative remedies before filing actions regarding their conditions while confined. See ECF No. 86-1 at 9 (citing Jones v. Bock, 549 U.S. 199, 220 (2007). Defendants add this serves the PLRA's overall goals, "including giving prisons a fair opportunity to address inmate complaints and correct their

own errors, reducing the quantity of prisoner suits, and improving the quality of prisoner suits that eventually get filed by creating an administrative record helpful to the court." Id. at 9-10 (citing Woodford v. Ngo, 548 U.S. 81, 94-95 (2006)).

The current action simply cannot proceed on any challenge to the new regulations because Plaintiff could not have exhausted his administrative remedies as to the new regulations, which were not in place when this action was initiated. Because Plaintiff must exhaust administrative remedies prior to bringing suit, if Plaintiff wishes to challenge the revised regulations, he must do so in a new action following exhaustion of administrative remedies with CDCR.  P

### III. CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Defendants' request for judicial notice, ECF No. 86-2, be GRANTED.
2. Defendants' unopposed motion to dismiss, ECF No. 86, be GRANTED.
3. This action be DISMISSED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 26, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE