IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAEL TYRONE SHANNON,<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>Defendants. | No.  2:17-CV-1084-DAD-DMC-P<br><br>ORDER<br><br>and<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to dismiss, ECF No. 86.  Plaintiff has not filed an opposition.  For the reasons discussed below, the undersigned will order that the initial findings and recommendations, ECF No. 88, issued on August 26, 2024, be vacated and will recommend that Defendants' motion to dismiss be denied.

    In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardusthis, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///

2

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A. Procedural History

On June 6, 2023, the Court granted Plaintiff's motion for leave to amend and directed that this action proceed on Plaintiff's third amended complaint. See ECF No. 77. On June 22, 2023, Defendants filed a motion to dismiss. See ECF No. 78. On March 11, 2024, the District Judge granted the motion in part and denied the motion in part. See ECF No. 84. Specifically, the District Judge granted the motion as to all of Plaintiff's claims seeking damages and denied the motion as to all of Plaintiff's claims seeking injunctive relief. See id. On June 4, 2024, Defendants filed the pending second motion to dismiss, arguing that Plaintiff's remaining claims for injunctive relief have been rendered moot by recently enacted revised prison regulation. See ECF No. 86. Defendants have filed a request for judicial notice in support of the pending motion to dismiss. See ECF No. 86-2.

### B. Plaintiff's Allegations

Plaintiff names four Defendants: (1) Ralph Diaz, former Secretary of California Department of Corrections and Rehabilitation (CDCR); (2) Sergeant Swan, Correctional Officer at the California Medical Facility (CMF); (3) C. Tileston, Associate Warden of CMF; and (4) Robert W. Fox, former Warden of CMF. See ECF No. 66 at pgs. 1-2.

Defendants allegedly violated Plaintiff's right to equal protection under the Fourteenth Amendment because female inmates in the CDCR were offered the choice of purchasing several kinds of alarm clocks, while male inmates were not. See id. at 3. Plaintiff alleges Defendant Diaz instituted the inmate property regulation and Defendants Swan, Tileston, and Fox implemented it. See id. at 1-6. Plaintiff specifically alleges Defendants acted with intentional discrimination during Plaintiff's inmate appeal review. See id. at 3.

///

During Plaintiff's inmate appeal, Defendant Swan commented, "Love to deny those constitutional rights." See id. at 2-3. Plaintiff also claims Defendants Tileston and Fox laughed at the comments made by Defendant Swan. See id. Further, Plaintiff alleges Defendant Diaz scoffed at Plaintiff when Plaintiff attempted to continue his inmate appeal, saying: "You failed to demonstrate the facts of your appeal regarding the state-side ban I put in place on male prisoners owning alarm clocks." See id. at 3.

## II. DISCUSSION

In the pending unopposed motion to dismiss, Defendants argue: (1) Plaintiff's claim for injunctive relief is moot, (2) Plaintiff's request for a declaration that the former regulations violate equal protection be denied by the Court as moot, and (3) if Plaintiff remains dissatisfied with application of the new regulations, he must exhaust administrative remedies as to such a claim and file a new action. See ECF No. 86-1. In support of their motion, Defendants have filed a request for judicial notice of the following: (1) a redacted copy of the Department's Authorized Personal Property Schedule effective November 1, 2023, revising and adopting amended regulations at Cal. Code Regs., tit. 15, § 3190(b), et seq., (2) and the accompanying Initial Statement of Reasons pertaining to the regulatory change. See ECF 86-2 (request for judicial notice).

For the reasons discussed below, the Court does not find that the instant action has been rendered moot by the revised regulations.

Defendants assert that Plaintiff's claim is moot because the CDCR regulations that prompted Plaintiff to originally file this action have been supplanted with new regulations as of November 1, 2023. See ECF No. 86-1 at 8. "Changing circumstances" may render a case moot during its course of litigation. See ACLU of Nev. v. Lomax, 471 F.3d 1010, 1016 (9th Cir. 2006) (quoting Clark v. City of Lakewood, 259 F.3d 996, 1006 (9th Cir. 2001)). Specifically, a private defendant's voluntary cessation of one or more of the challenged practices does not deprive the federal court of its power to determine the legality of the practice. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000), quoting City of Mesquite v.

Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982). However, when the actor is a government official, the courts treat voluntary cessation of challenged conduct with more "solicitude." Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers, 941 F.3d 1195, 1198 (9th Cir. 2019) (quoting Am. Cargo Transp., Inc. v. United States, 625 F.3d 1176, 1180 (9th Cir. 2010)). A "repeal, amendment, or expiration of legislation" gives rise to "a presumption that the action is moot unless there is a reasonable expectation that the legislative body is likely to enact the same or substantially similar legislation in the future." See Glazing Health, 941 F.3d at 1197. Moreover, for voluntary cessation to apply, "it must be reasonably clear that *the challenged practice* will not happen again" and "any effects of the alleged violation must be permanently reversed." Health Freedom Def. Fund, Inc. v. Carvalho, 104 F.4th 715, 722 (9th Cir. 2024) (citing Friends of the Earth, 528 U.S. at 189, and L.A. Cnty. V. Davis, 440 U.S. 625, 631 (1979)) (emphasis added); see also Rosebrock v. Mathis, 745 F.3d 963, 972 (9th Cir. 2014) (providing factors that impact mootness including whether the policy change fully addresses all the objectionable measures and whether since the policy's implementation the agency's officials have not engaged in conduct similar to the challenged conduct).

In the operative third amended complaint, Plaintiff challenges the former CDCR policy allowing female inmates to acquire certain property that male inmates were not allowed to possess – specifically alarm clocks – and is seeking injunctive relief based on those regulations. See ECF No. 66 at 2. CDCR supplanted the challenged regulations with new property regulations, property schedules, and policy justifications for all inmates, including Plaintiff. See ECF No. 86-2. A review of the new regulations makes it clear that they are intended to be a permanent change in CDCR policy. See ECF No. 82-3. Supplanting the challenged regulations is considered a voluntary cessation of the challenged conduct but does not remove the ability of the Federal Court to determine the "legality of the practice." See Friends of the Earth, Inc., 528 U.S. 167 (2000).

Despite enactment of the revised regulations in 2023, the Court finds that it is not reasonably clear that the challenged practice of permitting female inmates to purchase and own alarm clocks while denying male inmates that opportunity will not happen again. The newly promulgated 2023 regulations make no edits to the challenged 2014 regulations with respect to

alarm clocks. To the contrary, the new regulations, as with the prior regulations, allow female inmates to own alarm clocks while disallowing male inmates from doing so. See ECF No. 86-2, pgs. 20, 33, 49, 61, 84. Because it is not clear from the new regulations that the practice challenged by Plaintiff in the third amended complaint will not happen again, and because the effects of the challenged regulations (i.e., disparate treatment based on gender with respect to alarm clocks) have not been reversed, Plaintiff's claim is not rendered moot by the new regulations. See Donegal v. Farrell, 2017 WL 2363699 (E.D. Cal. 2017), report and recommendation adopted, 2017 WL 4237099 (E.D. Cal. 2017) (holding that an inmate's Eighth Amendment claim was not mooted despite a change in the policy the inmate was subject to because she was still subject to "a blanket ban on sex re-assignment surgery"); cf. N.Y. State Rifle & Pistol Ass'n, Inc. v. City of N.Y., N.Y., 590 U.S. 336, 337 (2020) (holding that a claim for injunctive relief is moot when a governmental entity amends a statute to provide the precise relief requested). In sum, Defendants' argument is not persuasive because the 2023 regulations do not voluntarily cease the challenged behavior.

To the extent Plaintiff continues to challenge the new property regulations, Defendants argue that any such challenge would need to be brought in the context of a new action. According to Defendants, the Prison Litigation Reform Act (PLRA) exhaustion provisions (42 U.S.C. § 1997e(a)) require inmates to exhaust their available administrative remedies before filing actions regarding their conditions while confined. See ECF No. 86-1 at 9 (citing Jones v. Bock, 549 U.S. 199, 220 (2007). Defendants add this serves the PLRA's overall goals, "including giving prisons a fair opportunity to address inmate complaints and correct their own errors, reducing the quantity of prisoner suits, and improving the quality of prisoner suits that eventually get filed by creating an administrative record helpful to the court." Id. at 9-10 (citing Woodford v. Ngo, 548 U.S. 81, 94-95 (2006)). Defendants conclude that, because the current action challenges the prior regulations and not the 2023 revised regulations now in effect, Plaintiff cannot have exhausted his administrative remedies as to those regulations prior to filing suit in 2017.

///

6

The Court does not agree. Even supposing that changing unchallenged parts of a prison property regulation would require an inmate to re-exhaust administrative remedies – despite the challenged conduct never ceasing – "[f]ailure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'" Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). Courts may address exhaustion at the pleading stage only if failure to exhaust is clear on the face of the complaint, and otherwise should decide exhaustion in the context of a motion for summary judgment. See id. Here, Plaintiff alleges in the third amended complaint that he "exhausted to the highest level of review." ECF No. 66, ¶ 5. Thus, from the face of the third amended complaint, it is not clear that Plaintiff failed to exhaust. See Hannah v. Ramirez, 2020 WL 39196, at *2 (S.D. Cal. 2020), report and recommendation adopted, 2020 WL 475297 (S.D. Cal. 2020) (finding, where the plaintiff wrote grievances but did not clearly exhaust administrative remedies, that the failure to exhaust was not clear from the face of the complaint); cf. Bradnax v. Cal., 2020 WL 3961656 (E.D. Cal. 2020) (holding that failure to exhaust was clear on the face of the complaint when the plaintiff alleged he had "bypassed" the inmate grievance system); Wynn v. Escarcega, 2021 WL 3539709, at *1 (E.D. Cal. 2021) (holding that failure to exhaust was clear on the face when the plaintiff alleged that he "filed his complaint prior to exhausting").

It is not clear on the face of the third amended complaint that Plaintiff's grievance does not suffice to exhaust his claim under the 2023 regulations because whether a grievance suffices to exhaust a claim is dependent upon review of the substance of that grievance and the prison's policies, and the Court may only undertake such a review in the context of a motion for summary judgment supported by appropriate evidence. See e.g. Denegal v. Farrell, 2018 WL 4616262, at *6–*10 (E.D. Cal. 2018), vacated as moot by 2019 WL 1220767 (E.D. Cal. 2019) (performing summary judgment analysis to determine whether a completed grievance sufficed to exhaust a claim not alleged in that grievance); see also Albino, 747 F.3d at 1166.

///

///

///

### III.  CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the findings and recommendations issued on August 26, 2024, ECF No. 88, are VACATED.

2. It is ORDERED that Defendants' request for judicial notice, ECF No. 86-2, is GRANTED.

3. It is RECOMMENDED that Defendants' unopposed motion to dismiss, ECF No. 86, be DENIED.

These amended findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these amended findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 13, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE